IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEAVEN L. WILLIAMS, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-10-935 |
| ASSISTANT WARDEN BARTEE, *et al*. | * | |
| Defendants | * | |

***

# MEMORANDUM

Pending is defendants' supplemental motion for summary judgment. ECF No. 37. Plaintiff opposes the motion. ECF No. 45. Defendants filed a reply to plaintiff's response and plaintiff filed a surreply without first seeking leave of court to do so. ECF No. 46 and 47. Defendants have filed a motion to strike plaintiff's surreply based on his failure to seek and be granted leave to file. ECF No. 48. Plaintiff also has filed a motion for appointment of counsel. ECF No. 33. No hearing is necessary for the resolution of the pending motions. *See* Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff alleges that Sergeant Williams, Officer Laryea, and Officer Saunders interfered with his scheduled appointments to see the dentist, and that it was not until a mental health official named Drake intervened on his behalf that he was able to keep his appointment. Plaintiff claims that the dental staff told him that he was scheduled to see the dentist on several occasions but security staff on "A shift" failed to bring him to his appointments. ECF No. 7 at 7. The Baltimore County Detention Center Dental Department first received a sick call request from Mr. Williams on December 28, 2009. He was promptly scheduled for an appointment for the next

day, but was a "no show" for the appointment. The appointment was rescheduled for January 5, 2010, but once again he did not present for dental treatment. On February 18, 2010, the Dental Department received a second sick call request from Mr. Williams and scheduled him for an appointment for the next day. Mr. Williams was marked as a "no show" for that appointment, as well as rescheduled appointments for February 23 and 24, 2010. Finally, on March 10, 2010, Mr. Williams walked-in to the dental clinic, was evaluated as an "emergency," and was given a follow-up appointment. On March 16, 2010, Mr. Williams was seen by a dentist and had fillings placed in his teeth. ECF No. 45 at Ex. A.

Previously this court found that defendants failed to address plaintiff's allegation concerning denial of dental care and failed to provide an explanation for the delay in providing plaintiff with the care required. The court concluded that there was a genuine dispute of material fact concerning what defendants Williams, Laryea, and Saunders knew about plaintiff's dental pain and their motivations, if any, for failing to take him to his dental appointments. Defendants were directed to supplement their motion for summary judgment with affidavits and other evidence concerning the claim. ECF No. 31 and 32. Defendants now assert that they were unaware of plaintiff's need for dental care and that, even if they had been aware of it, the dental problem did not constitute a "serious medical need" requiring immediate medical attention. ECF No. 37. Each defendant states under oath that they were unaware of plaintiff's need for dental care, and defendants Williams and Laryea state they worked on only two of the six days on which plaintiff was scheduled for dental appointments. *Id*. at Ex. A – C.

## Non-Dispositive Motions

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). Plaintiff's motion for appointment of counsel shall be denied.

Defendants move to strike plaintiff's surreply on the basis that it is not permitted by Local Rule 105.2.a because plaintiff did not seek permission from the court to file it. ECF No. 48. In addition, defendants claim the surreply does not contest matters presented to the court for the first time in their reply. *Id*. (citing *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008)).

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Self-represented complaints and petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Because plaintiff's surreply does not unduly prejudice defendants, the motion to strike will be denied.

**Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[D]ue process rights of a pretrial detainee are at least as great as the [E]ighth Amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

For a prisoner or a pre-trial detainee to state a constitutional claim for denial of medical care, he must demonstrate that a defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id.* Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or

malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

The parties dispute whether plaintiff's dental needs constituted a serious medical need. The indication is that the care provided, six days after plaintiff was evaluated as an emergency, were fillings in the affected teeth. ECF No. 45 at Ex. A. The court will assume that Mr. Williams has demonstrated at least a dispute of material fact as to the seriousness of his dental condition. *See, e.g.*, *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (concluding that the refusal to refer a prisoner to a dentist unless a dental emergency or infection existed amounted to deliberate indifference because of the escalating pain caused by a decaying tooth); *Goodnow v. Palm*, 264 F. Supp. 2d 125, 133 (D. Vt. 2003) (concluding that a broken tooth that caused difficulty eating and sensitivity to cold was a serious medical condition); *Dean v. Coughlin*, 623 F. Supp. 392, 404 (S.D.N.Y. 1985) (concluding that the denial of dental care can amount to the denial of treatment for a serious medical need).

Regarding deliberate indifference, cases have distinguished between a flat denial of dental care or merely a delay, not too prolonged, in care. *Goodnow*, 264 F. Supp. 2d at 133-34. The courts recognize that some delays in the provision of dental and medical care occur as a matter of course and are not necessarily evidence of deliberate indifference. *See Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (discussing degenerative nature of an untreated cavity). The instant case involves a two-and-a-half-month delay in dental treatment without serious consequence to plaintiff's overall dental health. Plaintiff's affidavit claims he asked each defendant to call the dental office to see if he could be seen for his toothache. He claims the defendants told him in response that if he was scheduled for an appointment he would be called, and asked whether he put in a sick call slip. ECF No. 45 at Ex. A, p. 4. Those responses do not

indicate a flat refusal of care. Additionally, plaintiff alleges that the difficulties in obtaining dental care arose after he was placed in segregation for attempting to escape from Baltimore City Circuit Court. *Id.* A certain amount of delay in providing appointments for dental care in a large pre-trial detention center are not unexpected. This is particularly true in the instant case where plaintiff's housing assignment changed and his movement through the institution was restricted. *See* ECF No. 37 at Ex. A- C (stating plaintiff could not leave housing unit without escort from lieutenant or supervisor).

This case does not present an adequate factual basis for finding deliberate indifference on the part of defendants. There is no evidence of a continued refusal to permit treatment, nor an extreme delay, nor is there evidence that plaintiff's discomfort was patently obvious to defendants. When plaintiff was seen for his toothache he received fillings and suffered no additional consequences as a result of the delay, indicating that it was not excessive. Accordingly, while the delay is unfortunate, no constitutional violation has been shown.

A separate Order follows.

<u>July 14, 2011</u>                                          <u>        /s/        </u>
Date                                                          Catherine C. Blake
                                                              United States District Judge